UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

_____

In re:                                                           Case No: 13-74213-las

MICHAEL W. KOPER,                                     Chapter 7

         Debtor.

_____

INTERNATIONAL CHRISTIAN BROADCASTING,
INC., and TRINITY CHRISTIAN CENTER OF
SANTA ANA, INC.,                                       Adv. Proc. No.  13-08167-las
                                                                 Adv. Proc. No.  13-08168-las
        Plaintiffs,                        Adv. Proc. No.  13-08169-las

                                                                 (Consolidated for Trial)

    v.

MICHAEL W. KOPER,

        Defendant.

_____


**DECISION AND ORDER DENYING STAY PENDING APPEAL**


**I.      Introduction**

Before the Court is the motion (the "Motion") [Adv. Dkt. No. 284][1] of defendant

Michael W. Koper for a stay pending appeal of this Court's Decision and Order Denying

Defendant's Motion under Fed. R. Civ. P. 60(b) dated May 23, 2016 (the "Rule 60(b) Order")

[Adv. Dkt. No. 293], which followed this Court's Order Approving Stipulation dated October

30, 2015 [Adv. Dkt. No. 262],[2] Order Granting Sanctions Motion on Consent dated October

---

[1] Unless otherwise stated, citations to docket entries in the adversary proceeding Adv. Pro. No. 13-8167 are cited as "[Adv. Dkt. No. ____]."

[2] The Order Approving Stipulation approved the Stipulation of Resolution of Sanctions Motion and Stipulation to Judgment in Adversary Proceeding entered into by the parties and dated October 26, 2015. [Adv. Dkt. No. 262-1].

30, 2015 (the "Sanctions Order") [Adv. Dkt. No. 263] and the Judgment on Consent dated

October 30, 2015 (the "Judgment on Consent") [Adv. Dkt. No. 264].  Plaintiffs International

Christian Broadcasting, Inc. and Trinity Christian Center of Santa Ana, Inc. opposed. [Adv.

Dkt. No. 296].  The Court entered a Scheduling Order fixing September 12, 2016 as the

deadline for defendant to reply to plaintiffs' opposition and scheduling oral argument on the

Motion. [Adv. Dkt. No. 299].   No reply was filed by defendant.

The Court held a hearing on September 28, 2016.  David R. Keesling, Esq. appeared

on behalf of defendant in support of the Motion, and Michael T. Conway, Esq. and Michael J.

King, Esq. appeared on behalf of plaintiffs in opposition to the Motion.  The matter has been

fully briefed and the Court has considered carefully the parties' submissions, the relevant

law and the record in this case, and the arguments made during the hearing.   Upon

completion of the hearing, and for the reasons set forth on the record of the hearing, the Court

denied the Motion. Defendant has not demonstrated that a stay is warranted because he

failed to satisfy any of the four factors that courts consider in determining a motion for a stay

pending appeal under Rule 8007 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules").  This Decision and Order memorializes and explains further the bases

for the Court's ruling.

## II.    Jurisdiction

The Court has jurisdiction over this matter under 28 U.S.C. § 1334(b) and the

Standing Order of Reference entered by the United States District Court for the Eastern

District of New York pursuant to 28 U.S.C. § 157(a), dated August 28, 1986, as amended by

Order dated December 5, 2012, effective *nunc pro tunc* as of June 23, 2011. This is a core

proceeding under 28 U.S.C. § 157(b)(2)(A).  A bankruptcy judge may hear and finally

determine any core proceeding. 28 U.S.C. § 157(b)(1).  A motion for a stay pending appeal

"stems from the bankruptcy itself," and may constitutionally be decided by a bankruptcy

judge. *Stern v. Marshall*, 131 S. Ct. 2594, 2618 (2011). Accordingly, final judgment is within

the scope of the Court's jurisdictional and constitutional authority.

## III.    DISCUSSION

The Court assumes familiarity with the lengthy history of this litigation[3] and recounts

only that background that is relevant to defendant's motion for a stay pending appeal.

By the Stipulation of Resolution of Sanctions Motion and Stipulation to Judgment in

Adversary Proceedings (the "Stipulation") [Adv. Dkt. No. 262-1] defendant stipulated and

agreed, among other things, that (1) the allegations set forth in the relevant sanctions motion,

papers, pleadings and recordings submitted by plaintiffs in support of their motion for the

imposition of sanctions against the defendant are conceded and (2) the allegations and debts

set forth in the above-referenced adversary proceedings are conceded and not discharged or

dischargeable under the Bankruptcy Code in this Chapter 7 proceeding pursuant to 11 U.S.C.

§ 523.  The Court entered the Order Approving Stipulation on October 30, 2015 [Adv. Dkt.

No. 262] along with the Sanctions Order and Judgment on Consent.

Defendant did not appeal the Order Approving Stipulation, Sanctions Order and

Judgment on Consent.  Rather, on January 19, 2016, well after the time to appeal the

underlying orders and judgment had passed, defendant filed a motion pursuant to Rules

60(b)(3) and (6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), made applicable to

these adversary proceedings by Bankruptcy Rule 9024, to vacate (i) the Order Approving

Stipulation, (ii) the Sanctions Order, and (iii) the Judgment on Consent, and to restore the

evidentiary hearing on the sanctions motion and the trial in these adversary proceedings to

the Court's docket (the "Rule 60(b) Motion") [Adv. Dkt. No. 272].  The Rule 60(b) Order denied

the Rule 60(b) Motion. Defendant filed an appeal of the Rule 60(b) Order and has now moved

---

[3] *See* Memorandum Decision and Order dated September 30, 2014 [Adv. Dkt. No. 136] and the Rule 60(b) Order
[Adv. Dkt. No. 293].

3

for a stay of the Sanctions Order and Consent Judgment pending appeal of the Rule 60(b)

Order.

A party seeking either (a) a stay of a judgment, order, or decree of the bankruptcy

court pending appeal or (b) the suspension of proceedings in a case, must first move in the

bankruptcy court for such relief.  Fed. R. Bankr. P. 8007(a)(1)(A) and (a)(1)(D).

Bankruptcy Rule 8007(e) provides that "[d]espite Rule 7062 and subject to the

authority of the district court, BAP, or court of appeals, the bankruptcy court may:  (1)

suspend or order the continuation of other proceedings in the case; or (2) issue any other

appropriate orders during the pendency of an appeal to protect the rights of all parties in

interest.  Fed. R. Bank. P. 8007(e).

"The decision as to whether or not to grant a stay of an order pending appeal lies

within the sound discretion of the court." *In re Sabine Oil & Gas Corp.*, 548 B.R. 674, 681

(Bankr. S.D.N.Y. 2016).  In deciding whether to issue a discretionary stay pending appeal of

a bankruptcy court order, courts in the Second Circuit consider four factors:[4]

> (1) whether the movant will suffer irreparable injury absent a stay,
> (2) whether a party will suffer substantial injury if a stay is issued,
> (3) whether the movant has demonstrated "a substantial possibility, although less
>     than a likelihood, of success" on appeal, and
> (4) the public interests that may be affected.

*Hirschfeld v. Bd. of Elections in the City of N.Y.*, 984 F.2d 35, 39 (2d Cir. 1993) (citations

omitted); *In re Smith*, Nos. 09-CV-508 (JS), 04-CV-1815 (JS), 2009 WL 366577, at *2

(E.D.N.Y. Feb. 12, 2009); *In re Am. Land Acquisition Corp.*, No. 12-76440-ast, 2013 WL

2481534, at *6 (Bankr. E.D.N.Y. 2013).  The moving party "bears the burden of proving it is

---

[4] When considering the four factors, some courts in the Second Circuit adopt a balancing approach, i.e., the lack
of one factor is not dispositive, where others hold that the failure to satisfy any one factor will result in a denial
of the motion. *See In re Sabine Oil & Gas Corp.*, 548 B.R. at 681. This Court, like the court in *Sabine Oil,* need
not decide whether the balancing approach or the rigid rule is the correct application of the four factor test
because, under either application, defendant's motion fails.

entitled to a stay." *In re Am. Land Acquisition Corp.*, 2013 WL 2481534, at \*7 (*citing U.S. v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*, 44 F.3d 1082, 1084 (2d Cir. 1995)).

Before considering application of the four-factor test, the Court must first address what is it that defendant is seeking to stay pending appeal of the Rule 60(b) Order. As noted above, defendant failed to appeal the Order Approving Stipulation, Sanctions Order and Judgment on Consent. Yet, he now moves to stay their implementation and enforcement pending appeal of the Rule 60(b) Order. He argues that success on appeal will result in vacatur of the underlying orders and judgment, and that, in and of itself, forms the basis for granting him a stay of the Sanctions Order and Judgment on Consent. Defendant is mistaken. In the Second Circuit, "[t]he appeal from the denial of a Rule 60 motion 'brings up only the denial of the motion and not the merits of the underlying judgment itself.'" *In re Teligent, Inc.,* 326 B.R. 219, 224 (S.D.N.Y. 2005) (*quoting Paddington Partners v. Bouchard*, 34 F.3d 1132, 1147 (2d Cir. 1994)). Granting defendant a stay under these circumstances indirectly allows him to do that which, because of the passage of time, he could not do directly – stay implementation and enforcement of the Order Approving Stipulation, Sanctions Order and Judgment on Consent when he failed, in the first instance, to timely file an appeal under Bankruptcy Rule 8002,[5] and in the context of that appeal seek a stay of the very underlying orders and judgment on appeal. Defendant sets forth no facts, law, or argument to support his request that this Court stay implementation and enforcement of the underlying orders and judgment from which he failed to appeal, while pursuing appeal of the Rule 60(b) Order. On this ground alone, the Court finds that defendant has not demonstrated he is entitled to

---

[5] Bankruptcy Rule 8002(a)(1) provides that expect as provided in subsections of Rule 8002(b) and (c) which are not applicable to this case, "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1).

a stay. With that said, to complete the picture, the Court will now discuss each of the four factors.

In considering whether defendant has shown that any or all of the factors weigh in favor of granting a stay pending appeal, the Court observes that the Motion fails to set forth the legal standard governing whether a stay should be granted and the relevant facts that would support the imposition of a stay. In support of the Motion, defendant filed the two-page declaration of David R. Keesling, Esq. [Adv. Dkt. No. 284-1] and a six-page memorandum of law ("Memorandum of Law") [Adv. Dkt. No. 284-2]. Other than a reference to Bankruptcy Rules 8007(a) and (e), neither the declaration nor the Memorandum of Law discusses the four-factor test and the inquiry that must be made by this Court in ruling on a motion for a stay. Instead, defendant insists that (i) his conceding the allegations set forth in the sanctions motion and in the non-dischargeability complaints is not an admission of liability, (ii) it would be a waste of judicial resources to hold a hearing to (a) fix the nature and amount of sanctions to be imposed by reason of entry of the Sanctions Order and (b) fix the amount of plaintiff's non-dischargeable debt under the Judgment on Consent, and (iii) plaintiffs would not suffer any hardship by issuance of a stay, while the defendant's license to practice law may be affected.[6] *See generally*, Memorandum of Law [Adv. Dkt. No. 284-2].

### A. Irreparable Injury

"A showing of probable irreparable harm is the principal prerequisite for the issuance of a [Rule 8007] stay. Irreparable harm must be neither remote nor speculative, but actual and imminent." *In re Taub*, 470 B.R. 273, 278 (E.D.N.Y. 2012) (*quoting ACC Bondholder Group v. Adelphia Commc'ns Corp. (In re Adelphia Commc'ns Corp.)*, 361 B.R. 337, 347 (S.D.N.Y. 2007)).

---

[6] This latter point, that defendant's license to practice law may be affected, was not raised in the Memorandum of Law. Rather, it was raised for the first time on oral argument at the hearing on the Motion.

In his Memorandum of Law, defendant does not identify the irreparable harm he will suffer absent a stay. Rather, he contends that holding a hearing to (a) fix the nature and amount of sanctions to be imposed by reason of entry of the Sanctions Order and (b) fix the amount of plaintiff's non-dischargeable debt under the Judgment on Consent, would be a waste of judicial resources since the Rule 60(b) Order is on appeal. Even if defendant is arguing that his appeal would be rendered moot, which he does not claim, the risk that an appeal may become moot does not itself equate to irreparable harm. "The mere 'possibility that an appeal will be rendered moot by a denial of stay does not, in and of itself, constitute irreparable harm.'" *In re Am. Land Acquisition Corp.*, 2013 WL 2481534, at \*7 (*quoting In re Baker*, No. CV05-3487 (CPS), 2005 WL 2105802, at \*9 (E.D.N.Y. Aug. 31, 2005)).

In addition, the hearing to consider the sanctions to be imposed and to fix the amount of plaintiff's non-dischargeable debt will not be held for more than two months as it is currently scheduled before this Court on December 12, 2016. The sanctions motion has been fully briefed by plaintiffs. Defendant failed to timely file any opposition. In his Motion, defendant did not specify any burden he would suffer if the hearing proceeds. He simply states that it would be a waste of judicial resources. Presumably, he is concerned with judicial economy and conserving this Court's resources should he prevail on appeal, thus resulting in a vacatur of the Sanctions Order and Judgment on Consent. His argument apparently boils down to this: why have this Court expend its limited resources by proceeding with a hearing when at the end of the day the order and judgment may be vacated? That argument misses the point, and does not favor a stay. First, defendant did not appeal the Sanctions Order or the Judgment on Consent. Second, as discussed below, he has failed to show a substantial possibility of success on appeal. Third, the Court does not view the hearing in the same light as defendant. It is not a waste of this Court's time. The Sanctions Order was entered on consent of defendant as was the judgment declaring his debt to

plaintiffs non-dischargeable.  Fixing the amount of sanctions and non-dischargeable debt is the next logical step in this litigation, and defendant has not set forth any law, facts or argument that absent a stay he will suffer irreparable harm from moving forward with the hearing.

At oral argument, defendant contended that implementation and enforcement of the Sanctions Order and Judgment on Consent may adversely impact his attorney license. Generally, courts will not consider arguments made for the first time at a hearing.  *United States* v. *Barnes*, 158 F.3d 662, 672 (2d Cir. 1998); *Goldberg v. UBS AG*, 690 F. Supp. 2d 92, 99 (E.D.N.Y. 2010); *In re Monster Worldwide, Inc. Sec. Litig.*, 251 F.R.D. 132, 137 (S.D.N.Y. 2008) (finding that an argument was raised for the first time at oral argument and so was waived in terms of the motion).

Even if this Court were to consider defendant's new argument, he has not offered any facts to demonstrate his level of concern – no evidence was proffered that proceedings on his attorney license are contemplated or have been commenced.  Defendant's argument that there is a possibility that the implementation and enforcement of the Sanctions Order and Judgment on Consent will impact his attorney license is speculative, at best.  Moreover, defendant and his counsel should have given thought to this issue when they both executed the Stipulation resolving the Sanctions Motion and the adversary proceedings, and consented to the entry of the Sanctions Order and Judgment on Consent, almost a year ago.

Thus, the Court finds defendant has not demonstrated he will suffer irreparable injury absent a stay.

**B.  Harm to Non-Moving Party**

Defendant must also establish that a stay pending appeal will not cause substantial injury to plaintiffs.  *See In re Adelphia Commc'ns Corp.*, 361 B.R. at 349; *In re Am. Land Acquisition Corp.*, 2013 WL 2481534, at \*8.  "In other words, the moving party must show

that the balance of harms tips in favor of granting a stay." *Adelphia*, 361 B.R. at 349 (citations omitted).

Defendant maintains that plaintiffs will not be harmed by a stay, yet he offers no reason or facts to support his contention.  By contrast, if a stay is issued, plaintiffs argue that they would be deprived of their right to have the Sanctions Motion and damages portion of the adversary proceedings timely heard and decided.  The three adversary proceedings commenced by plaintiffs are nearing their three year anniversary.  It has been also a year since the Court entered the Order Approving Stipulation, Sanctions Order and Judgment on Consent, and the plaintiffs are no closer to obtaining finality in their dispute with the defendant.  Defendant also fails to address the reality that he did not appeal entry of the Order Approving Stipulation, the Sanctions Order and the Judgment on Consent, and expressly agreed that he would not appeal or challenge the Stipulation, the Sanctions Order and the Judgment on Consent.

Accordingly, the Court concludes that defendant has failed to sustain his burden of proof that a stay pending appeal will not cause substantial injury to plaintiffs.

## C.  Substantial Possibility of Success on Appeal

"The 'substantial possibility of success' test is considered an intermediate level between 'possible' and 'probable' and is 'intended to eliminate frivolous appeals.'" *In re 473 West End Realty Corp.*, 507 B.R. 496, 501 (Bankr. S.D.N.Y. 2014) (*citing Country Squire Assocs. of Carle Place, L.P. v. Rochester Cmty. Sav. Bank (In re Country Squire Assocs. of Carle Place, L.P.)*, 203 B.R. 182, 184 (B.A.P. 2d Cir. 1996)).  "The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiff[] will suffer absent the stay.  Simply stated, more of one excuses less of the other." *Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002) (*quoting Michigan Coalition of Radioactive Material*

9

*Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)); *In re Taub*, 470 B.R. at 278; *473 West End Realty Corp.*, 507 B.R. at 502; *In re Adelphia Commc'ns Corp.*, 361 B.R. at 349.

Defendant asserts that this Court made statements at the March 3, 2016 hearing on the Rule 60(b) Motion that were inconsistent with the transcript of the October 27, 2015 hearing. Memorandum of Law, at 4. [Adv. Dkt. No. 284-2]. Defendant maintains that he conceded all the allegations in the sanctions motion and each of the allegations set forth in complaints in the three adversary proceedings, and concession does not equate to an admission. On this point, defendant insists that the Court failed to perceive a difference between "concede" and "admit" when ruling on the Rule 60(b) Motion. Defendant is mistaken. Although the Court disagrees with defendant's linguistic analysis, there is no need to belabor the point because whether defendant "conceded" or "admitted" liability was not the reason for this Court's denial of the Rule 60(b) Motion. Denial of the Rule 60(b) Motion was based on defendant's failure to meet the heavy burden of proof on the specific elements of Rule 60(b) that he sought to invoke.

As the Court explained in its Rule 60(b) Order, to prevail under Rule 60(b)(3), the movant must demonstrate by clear and convincing evidence that the order or judgment from which relief is sought was procured by fraud, misrepresentation or other misconduct. *Fleming v. New York University*, 865 F.2d 478, 484 (2d Cir. 1989) ("[A] Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits."). "To meet this high burden, the [movant] must do more than make 'conclusory allegations of fraud' and must show that the alleged fraud, misrepresentation, or other misconduct was 'material to the outcome.'" *In re Waugh*, 367 B.R. 361, 367 (Bankr. E.D.N.Y. 2007) (*quoting In re St. Stephen's 350 E. 116th St.*, 313 B.R. 161, 174 (Bankr. S.D.N.Y. 2004)). Defendant failed to demonstrate a factual basis to justify relief under Rule 60(b)(3) and failed to meet his burden of proof by clear and convincing

evidence that the Stipulation, Sanctions Order and Judgment on Consent were obtained through fraud, misrepresentation, or other misconduct on the part of the plaintiffs.

While defendant also sought relief in his Rule 60(b) Motion pursuant to Rule 60(b)(6), which is a catch-all provision that allows a court to set aside a final order or judgment for "any other reason that justifies relief", Rule 60(b)(6) is unavailable when a movant's Rule 60(b) claim fails within the ambit of any other section of Rule 60(b).  Because defendant's arguments in support of his Rule 60(b) Motion centered around alleged fraud, misrepresentation, or other misconduct by the plaintiffs as set forth under Rule 60(b)(3), relief under Rule 60(b)(6) was unavailable.

Defendant's linguistic argument ignores the fact that he failed to offer probative evidence of any fraud, misrepresentation or other misconduct by plaintiffs that induced him to sign the Stipulation and consent to the entry of the Sanctions Order and the Judgment on Consent. The Court's findings and its decision to deny the Rule 60(b) Motion were based on the record, not on what defendant perceives is a difference between "conceding" to the allegations and "admitting" all of the allegations.  Consequently, the Court finds that defendant has failed to demonstrate a substantial possibility of success on appeal, and this factor weighs against granting a stay.

### D.  Public Interest

Finally, the Court considers the public interest.  Consistent with his lack of identifying the four factors that this Court must consider in determining whether to issue a stay, defendant fails to argue that the public interest favors a stay.  Nor does he assert that the public interest is not implicated. From the Court's perspective, the public interest weighs against issuing a stay.  Parties' expectation of closure after a settlement has been reached, orders and judgments have been entered, and the appeals period has passed should be respected except upon a showing of exceptional circumstances.  *United States v. Int'l Bhd. of*

11

*Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001) (holding that a motion for relief from judgment is not favored and is properly granted only upon a showing of exceptions circumstances); *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). A disgruntled litigant who fails to file an appeal should not be allowed to circumvent the time limitations under Bankruptcy Rule 8002 by seeking a stay of the underlying order or judgment through the guise of an appeal of a denial of a Fed. R. Civ. P. 60(b) motion.

The public interest thus also weighs against issuing a stay and delaying a hearing on the sanctions motion and fixing the amount of the non-dischargeable debt due plaintiffs.

## IV.    Conclusion

Based upon the foregoing and the record made at the hearing, defendant has not made the showings required to obtain a stay pending appeal of this Court's Rule 60(b) Order. Accordingly, defendant's Motion is denied.

SO ORDERED.



**Dated: October 5, 2016**
     **Central Islip, New York**

_Louis A. Scarcella_
**Louis A. Scarcella**
**United States Bankruptcy Judge**